1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RICHARD L. EVANS,[1]                        No.  2:15-cv-1213 JAM GGH PS

12              Plaintiff,

13        v.                                     ORDER

14   NATIONSTAR MORTGAGE, LLC,

15              Defendant.

16

17   INTRODUCTION

18        Plaintiff is proceeding in this action pro se and has paid the filing fee.  This proceeding

19   was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).

20        Presently before the court is defendant Nationstar Mortgage, LLC's motion to dismiss and

21   to strike, filed July 22, 2015. (ECF No. 8.)  Plaintiff has filed his own motion to dismiss, to strike,

22   and "to grant award of property," which this court has construed as an opposition to the motion to

23   dismiss, to which defendant has filed a reply.  (ECF Nos. 10, 11.)  Also before the court is

24   plaintiff's motion for contempt, filed July 20, 2015, (ECF No. 7), and his amended complaint.

25   (ECF No. 15.)  Having reviewed these filings, the court now issues the following order.[2]

26   ────────────────────

27   [1]  Some of the filings refer to Christine Evans as a plaintiff; however, her name is crossed out on
     the signature line of the complaint and she has not signed the complaint.  (ECF No. 1 at 23.)  Nor
     has she signed the amended complaint.  (ECF No. 15 at 12.)  Therefore, this individual is not

28   considered a party.

                                              1

1  I. OPERATIVE COMPLAINT

2      Rule 15(a)(1) of the Federal Rules of Civil Procedure provides that:

3          A party may amend its pleading once as a matter of course within:

4              (A) 21 days after serving it, or

5              (B) if the pleading is one to which a responsive pleading is
               required, 21 days after service of a responsive pleading or
6              21 days after service of a motion under Rule 12(b), (e), or
               (f), whichever is earlier.
7

8  Id.  Once an answer or motion as enumerated above has been filed, a party may amend a pleading

9  only by leave of court or by written consent of the adverse party.  See Fed. R. Civ. P. 15(a)(2).

10      On September 16, 2015, plaintiff filed an amended complaint.  Defendant's motion to

11  dismiss was filed on July 22, 2015.  Plaintiff did not file a motion to amend or a stipulation to

12  amend the complaint signed by all parties.  Plaintiff's amended complaint is therefore stricken,

13  and this action will proceed on the complaint filed June 5, 2015.

14  II. FACTUAL AND PROCEDURAL BACKGROUND

15      On September 9, 2005, plaintiff obtained a mortgage loan in the amount of $480,000 from

16  First Franklin, which was secured by real property located at 2129 Blackridge Avenue,

17  Sacramento, California.  (ECF No. 1 at 2, 3, 4.)  See also Request for Judicial Notice ("RJN"),

18  Def.'s Ex. A, ECF No. 9-1.[3]  The Note was secured by a Deed of Trust ("DOT"), which was

19  recorded in Sacramento County on September 9, 2005 and secured by the property.  (Def.'s Exs.

20  A, B, ECF No. 9-1.)  When plaintiff's payments went into default, a Notice of Default was

21  recorded on October 7, 2013 in Sacramento County.  (ECF No. 1 at 2, 3, 25, Pl.'s Ex. A.)  The

22  Notice states that plaintiff was $40,748.23 in arrears as of October 4, 2013, and $64,846.67 as of

23  June 23, 2014.  (Pl.'s Exs. A, B, ECF No. 1 at 25, 29.)  A Notice of Trustee's Sale was recorded

24  on March 11, 2015, and the property sold on April 2, 2015.  (Pl.'s Ex. C, ECF No. 1 at 33.)

25  According to defendant, the property has since been sold twice.  (RJN Exs. D, E, ECF No. 9.)

26  _____
[2]  Defendant's motion was taken under submission without a hearing.  (ECF No. 12.)  A hearing
27  is also unnecessary for plaintiff's motion.
[3]  The admissibility of exhibits submitted with defendant's Request for Judicial Notice is
28  addressed infra.

1    Defendant Nationstar Mortgage LLC ("Nationstar") is alleged to be the servicer of the note.

2          Plaintiff filed the instant action on June 5, 2013, claiming that Nationstar failed to respond

3    to plaintiff's letters of inquiry and initiated default proceedings without written notice.  (ECF No.

4    1 at 4-5, 17-18.)  Plaintiff alleges federal jurisdiction under the Real Estate Settlement Procedures

5    Act ("RESPA"), the Dodd-Frank Wall Street Reform and Consumer Protection Act (RESPA,

6    Regulation X), and the Truth in Lending ACT ("TILA").  (ECF No. 1 at 2.)  The claims are

7    brought under 12 C.F.R. §§ 1024.36, 1026, and Cal. Bus. & Prof. Code § 17200.  Plaintiff seeks

8    damages and injunctive relief in the form of cancellation of the trustee sale.

9    III.  REQUEST FOR JUDICIAL NOTICE

10         Defendant has filed a Request for Judicial Notice, requesting the court take notice of the

11   Deed of Trust and Grant Deed to the subject property, the Trustee's Deed Upon Sale, and two

12   Grant Deeds following the foreclosure sale.  (ECF No. 9.)

13         Defendant's request for judicial notice is granted pursuant to Fed. R. Evid. 201, as it does

14   not require the acceptance of facts "subject to reasonable dispute" and is capable of immediate

15   and accurate determination by resort to a source whose accuracy cannot reasonably be

16   questioned.  See In re Tyrone F. Conner Corp., Inc., 140 B.R. 771, 781-82 (E.D. Cal. 1992); Fed.

17   R. Evid. 201(b); Cal. ex. rel. RoNo, L.L.C. v. Altus Fin. S.A., 344 F.3d 920, 931 n. 8 (9th Cir.

18   2003).  The court also takes notice of its own records in this action.  United States v. Wilson, 631

19   F.2d 118, 119 (9th Cir. 1980) (a court may take judicial notice of its own records).

20   IV.  MOTION TO DISMISS

21         Defendant moves to dismiss the complaint under Fed. R. Civ. P. 12(b)(5) for failure to

22   serve process, and pursuant to Rule 12(b)(6) for failure to meet Rule 8 pleading requirements.

23         A.  Service of Process

24         "[S]ervice of summons is the procedure by which a court having venue and jurisdiction of

25   the subject matter of the suit asserts jurisdiction over the person of the party served."  Mississippi

26   Publishing Corp. v. Murphree, 326 U.S. 438, 444–45, 66 S.Ct. 242 (1946).  "Before a federal

27   court may exercise personal jurisdiction over a defendant, the procedural requirement of service

28   of summons must be satisfied."  Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S.

3

1   97, 104, 108 S.Ct. 404 (1987).  Accordingly, Rules 12(b)(4) and 12(b)(5) permit a court to

2   dismiss an action for insufficiency of service of process.  Fed.R.Civ.P. 12(b)(4)-(5).  Rule 12(b)

3   (4) enables the defendant to challenge the substance and form of the summons, and 12(b)(5)

4   allows the defendant to attack the manner in which service was, or was not, attempted.  Id.  When

5   the validity of service is contested, the burden is on the plaintiff to prove that service was valid

6   under Rule 4.  Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir.2004).  If the plaintiff is unable to

7   satisfy this burden, the Court has the discretion to either dismiss the action or retain the action and

8   quash the service of process.  Stevens v. Sec. Pac. Nat'l Bank, 538 F.2d 1387, 1389 (9th

9   Cir.1976).

10          Rule 4(a)(1) sets forth the requirements for the form of a summons, including that it name

11   the court and the parties, be directed to the defendant, state the name and address of plaintiff, be

12   signed by the clerk, and bear the clerk's seal.  Fed.R.Civ.P. 4(a)(1).  "Dismissals for defects in the

13   form of summons are generally disfavored."  U.S.A. Nutrasource, Inc. v. CNA Ins. Co., 140

14   F.Supp.2d 1049, 1052 (N.D.Cal.2001).  "Technical defects in a summons do not justify dismissal

15   unless a party is able to demonstrate actual prejudice."  Chan v. Society Expeditions, 39 F.3d

16   1398, 1404 (9th Cir.1994).  In addition, "[e]ven if the summons fails to name all of the defendants

17   ... dismissal is generally not justified absent a showing of prejudice."  United Food & Commercial

18   Workers Union, Locals 197, et al. v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir.1984)

19   (internal citations omitted) ("Rule 4 is a flexible rule that should be liberally construed so long as

20   a party receives sufficient notice of the complaint.").

21          Rule 4 also sets forth the requirements for the manner of service.  It requires that a

22   defendant corporation be served either:

23                  (A) in the manner prescribed by Rule 4(e)(1) for serving an
                    individual; or
24
                    (B) by delivering a copy of the summons and complaint to an
25                  officer, a managing or general agent, or any other agent authorized
                    by appointment or by law to receive service of process and - if the
26                  agent is one authorized by statute and the statute so requires - by
                    also mailing a copy of each to the defendant....
27

28   Fed. R. Civ. P. 4(h).

4

An individual may be served by, *inter alia*, personally delivering a copy of the summons and a complaint, leaving a copy of each at the individual's usual place of abode, or delivering a copy of each to an agent authorized to receive service.  Fed.R.Civ.P. 4(e)(2).  California requires service on a person designated as agent for service of process, or other specifically designated corporate officer, where the defendant is a corporation.  Cal. Civ. Proc. Code § 416.10.  Such individuals include "the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager…."  Cal. Civ. Proc. Code § 416.10(b).

In lieu of personal delivery, Cal. Civ. Proc. Code § 415.20 permits service on a corporation by substituted service which requires leaving the summons and complaint during normal office hours at the office of the defendant with a person "who is apparently in charge" and thereafter mailing a copy of the summons and complaint to the defendant at that same office.

Where a defendant is out-of-state, however, California provides for service by mail subject to the following requirements.

> A summons may be served on a person outside this state in any manner provided by this article or by sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt. Service of a summons by this form of mail is deemed complete on the 10th day after such mailing.

Cal. Civ. Proc. Code § 415.40.

In addition, where the out-of-state defendant is a corporation, the aforementioned service requirements of Cal.Civ. Proc. Code § 416.10 must also be met.  Cruz v. Fagor America, Inc., 146 Cal.App.4th 488, 496 (2007).  In such a case, service is effective by proof of service as follows:

> Proof that a summons was served on a person outside this state shall be made: [¶] (a) If served in a manner specified in a statute of this state, as prescribed by Section 417.10, and if service is made by mail pursuant to Section 415.40, proof of service shall include evidence satisfactory to the court establishing actual delivery to the person to be served, by a signed return receipt or other evidence.

Cal. Civ. Proc. Code § 417.20(a).  By way of example, in Cruz, service was determined to be

5

1    effective by mailing the summons and complaint to the president of the company at an address

2    listed with the state's Department of Corporations as a "service of process address," along with an

3    affidavit indicating proper execution of service, that the summons and complaint were properly

4    addressed to the correct person to be served, as well as a signed return receipt to establish actual

5    delivery, signed by a person authorized to receive mail on behalf of defendant.  Id. at 497-98.

6        Defendant contends that although plaintiff's proof of service indicates he mailed a "Notice

7    to Adverse Parties of Removal to Federal Court," this proof of service references a P.O. Box in

8    Dallas, Texas as well as addresses in Irving and Coppell, Texas, and does not comply with the

9    service requirements under Federal Rule of Civil Procedure 4 and California law as cited above.

10       The Certificate of Service attached to the complaint indicates that plaintiff served a copy

11    of "Defendant's Non-Statutory Plea in Abatement in Exclusive Equity by First Class Mail…"

12    The addresses listed are for a law corporation in Davis, California, and to Nationstar at P.O.

13    Boxes in Dallas and Irving, Texas, as well as a street address in Coppell, Texas.  (ECF No. 1 at

14    24.)  Plaintiff's motion for contempt similarly indicates that the motion and the complaint were

15    served on the aforementioned entities by first class mail at the addresses indicated.  (ECF No. 7 at

16    24.)  See also ECF No. 10 at 18.

17       There is no evidence of proper service in this case.  Although plaintiff claims he "has

18    shown that, under federal law, a business entity can be served by delivering a copy of the

19    summons and complaint to an officer, managing agent, or other agent authorized by appointment

20    or by law," (ECF No. 10), he has failed to show that he addressed service to an officer of

21    Nationstar but rather named only the corporation.  There is no indication of the proper agent for

22    service of process for Nationstar.  Nor is there evidence that the any of the addresses listed are the

23    same as those registered with the Texas Department of Corporations as a "service of process

24    address."  Plaintiff has also failed to provide evidence of an affidavit indicating proper execution

25    of service, or a signed return receipt to establish actual delivery, signed by a person authorized to

26    receive mail on behalf of defendant, as defined by the authority outlined above.  In addition to

27    lack of service on an authorized individual, it appears that plaintiff did not include a copy of the

28    waiver form or a summons.

1    Plaintiff's opposition argues only he mailed various letters to Nationstar, presumably his

2    alleged letters of inquiry.  (ECF No. 10 at 8.)  Those letters have nothing to do with service of the

3    complaint, however.  Furthermore, plaintiff's assertion that "Defendant has not proven that the

4    service of process was not completed" is an incorrect statement of the law.  See Brockmeyer, 383

5    F.3d at 801.

6    Plaintiff has failed to meet his burden of proof to demonstrate that he properly served

7    Nationstar.  Rather than dismiss the action, the court will give plaintiff the opportunity to correct

8    the errors raised in the motion to dismiss by executing for formal service.

9    B.  Failure to Meet Pleading Standards

10   1.  Standards – Pleading and Rule 12(b)(6)

11   A complaint must contain more than a "formulaic recitation of the elements of a cause of

12   action;" it must contain factual allegations sufficient to "raise a right to relief above the

13   speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

14   "The pleading must contain something more...than...a statement of facts that merely creates a

15   suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

16   Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).

17   Rule 8 sets forth general rules of pleading for the Federal Courts.  Rule 8(a) requires a

18   complaint to include a short and plain statement of the claim showing entitlement to relief.  A

19   complaint must include "sufficient allegations to put defendants fairly on notice of the claims

20   against them."  McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991); 5 C. Wright & A. Miller,

21   Federal Practice and Procedure § 1202 (2d ed. 1990).  Accord Richmond v. Nationwide Cassel

22   L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations

23   fails to satisfy the notice requirement of Rule 8.)

24   A complaint that does not meet this standard is subject to dismissal under Fed. R. Civ. P.

25   12(b)(6).  Loumena v. Kennedy, 2015 WL 5963988, at *5 (N.D. Cal. Oct. 13, 2015).  The

26   function of the Rule 12(b)(6) motion is to challenge the legal sufficiency of the complaint, in

27   terms of pleading standards set forth in, *inter alia*, Rule 8.  W.W. Schwarzer, A.W. Tashima & J.

28   Wagstaffe, Federal Civil Procedure Before Trial § 9:187.5.

1    A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6)

2    challenges the sufficiency of the pleadings set forth in the complaint.  Vega v. JPMorgan Chase

3    Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009).  Under the "notice pleading" standard

4    of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and

5    plain statement" of plaintiff's claims showing entitlement to relief.  Fed. R. Civ. P. 8(a)(2); see

6    also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).  "To survive a motion to dismiss,

7    a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

8    is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v.

9    Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads

10   factual content that allows the court to draw the reasonable inference that the defendant is liable

11   for the misconduct alleged."  Id.

12       In considering a motion to dismiss for failure to state a claim, the court accepts all of the

13   facts alleged in the complaint as true and construes them in the light most favorable to the

14   plaintiff.  Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007).  The court is "not,

15   however, required to accept as true conclusory allegations that are contradicted by documents

16   referred to in the complaint, and [the court does] not necessarily assume the truth of legal

17   conclusions merely because they are cast in the form of factual allegations."  Paulsen, 559 F.3d at

18   1071.  The court must construe a pro se pleading liberally to determine if it states a claim and,

19   prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity

20   to cure them if it appears at all possible that the plaintiff can correct the defect.  See Lopez v.

21   Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); accord Balistreri v. Pacifica Police

22   Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (stating that "pro se pleadings are liberally construed,

23   particularly where civil rights claims are involved"); see also Hebbe v. Pliler, 627 F.3d 338, 342

24   & n.7 (9th Cir. 2010) (stating that courts continue to construe pro se filings liberally even when

25   evaluating them under the standard announced in Iqbal).

26       In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court "may generally

27   consider only allegations contained in the pleadings, exhibits attached to the complaint, and

28   matters properly subject to judicial notice."  Outdoor Media Group, Inc. v. City of Beaumont, 506

8

1  F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted).  Although the court may not

2  consider a memorandum in opposition to a defendant's motion to dismiss to determine the

3  propriety of a Rule 12(b)(6) motion, see Schneider v. Cal. Dep't of Corrections, 151 F.3d 1194,

4  1197 n.1 (9th Cir. 1998), it may consider allegations raised in opposition papers in deciding

5  whether to grant leave to amend, see, e.g., Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir.

6  2003).

7         2. RESPA

8         Defendant claims that the RESPA claims fail to meet Rule 8 standards because although

9  plaintiff alleges that defendant failed to respond to letters of inquiry, plaintiff has failed to attach

10  any of the purported letters to the complaint.  Therefore, Nationstar claims it is completely in the

11  dark as to whether the letters referenced in the complaint qualify as statutory letters of inquiry

12  requiring acknowledgment and response.

13         All of the causes of action in the complaint are based on Regulations X of RESPA or Cal.

14  Bus. & Prof Code § 17200 (California Unfair Competition Law ("UCL").  Plaintiff also lists the

15  Truth in Lending ACT ("TILA") within his jurisdictional statement (and mentions Regulation Z

16  in passing), but does not make any claims under this statute.  A less stringent examination is

17  afforded pro se pleadings, see Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652

18  (1972), but simple reference to federal law does not create subject matter jurisdiction.  Avitts v.

19  Amoco Prod. Co., 53 F.3d 690, 694 (5th Cir.1995).  Subject matter jurisdiction is created only by

20  pleading a cause of action that is within the court's original jurisdiction.  Id.  See also Kennedy v.

21  H & M Landing, Inc., 529 F.2d 987, 989 (9th Cir.1976) (a pleading will not be sufficient to state

22  a claim under § 1983 if the allegations are mere conclusions).  Plaintiff's mere reference to TILA

23  is insufficient to state a claim upon which relief can be granted—for each federal statute, Plaintiff

24  must actually explain what allegations support a violation.  With only a reference to an

25  amorphous cause of action and no more, these allegations are insufficient to permit an

26  opportunity to amend. Ardalan v. McHugh, 2014 WL 3846062, at *15 (N.D. Cal. Aug. 4, 2014).

27  As plaintiff makes no claims under TILA, it will not be addressed, and only his claims under

28  RESPA and California's UCL will be reviewed.

9

RESPA provides that borrowers must be provided certain disclosures relating to the

mortgage loan settlement process.  See 12 U.S.C. § 2601.  Section 2605 of RESPA relates to the

disclosures and communications required regarding the servicing of mortgage loans, and provides

that loan servicers have a duty to respond to qualified written requests ("QWR"s) from borrowers

asking for information relating to the servicing of their loan.  See 12 U.S.C. § 2605(e).  Requests

for documents and information "relating to the original loan transaction and its subsequent

history" do not qualify as QWRs.  Junod v. Dream House Mortgage Co., 2012 WL 94355, at *4

(C.D.Cal. Jan. 5, 2012); see also Consumer Solutions REO, LLC v. Hillery, 658 F.Supp.2d 1002,

1014 (N.D.Cal.2009) (dismissing plaintiff's RESPA claim with prejudice after observing that the

requirement "[t]hat a QWR must address the servicing of the loan, and not its validity, is borne

out by the fact that § 2605(e) expressly imposes a duty upon the loan servicer, and not the owner

of the loan.").  The requirements of section 2605(e)(2) apply only to loan servicers.  A "loan

servicer" refers to the person responsible for "receiving any scheduled periodic payments from a

borrower pursuant to the terms of any loan."  12 U.S.C. § 2605(i)(2), (3).  In order to state a claim

under RESPA a complaint must allege actual, pecuniary damages.  See, e.g., Lal v. Am. Home

Servicing, Inc., 680 F.Supp.2d 1218, 1223 (E.D.Cal.2010).

On January 10, 2014, new regulations were enacted in the form of the Dodd-Frank Wall

Street Reform and Consumer Protection Act of 2010, Pub.L. No. 111–203, 124 Stat. 1376 (July

21, 2010), which became known as Regulation X of RESPA.  The regulations were codified at 12

C.F.R. § 1024, and increase a loan servicer's duty to respond to qualified written requests (still

only including the processing of a loan and not the loan validity).  Guccione v. JPMorgan Chase

Bank, N.A., 2015 WL 1968114, at *8 (N.D. Cal. May 1, 2015).  If a mortgage loan servicer

receives a QWR from a borrower, the servicer shall provide a written response acknowledging

receipt within five days, 12 U.S.C. § 2605(e)(1); 12 C.F.R. § 1024.36(c), and respond to the

inquiry not later than thirty days.  12 U.S.C. § 2605(e)(2); 12 C.F.R. § 1024.36(d).  Section

1024.36, the basis for the complaint, states in pertinent part:

(c) Acknowledgment of receipt. Within five days (excluding legal public holidays,

Saturdays, and Sundays) of a servicer receiving an information request from a borrower, the

10

servicer shall provide to the borrower a written response acknowledging receipt of the

information request.

(d) Response to information request.

(1) Investigation and response requirements. Except as provided in paragraphs (e)

and (f) of this section, a servicer must respond to an information request by either:

(i) Providing the borrower with the requested information and contact information,

including a telephone number, for further assistance in writing; or

(ii) Conducting a reasonable search for the requested information and providing

the borrower with a written notification that states that the servicer has determined that the

requested information is not available to the servicer, provides the basis for the servicer's

determination, and provides contact information, including a telephone number, for

further assistance.

(2) Time limits.

(i) In general.  A servicer must comply with the requirements of paragraph (d)(1)

of this section:

(A) Not later than 10 days (excluding legal public holidays, Saturdays, and

Sundays) after the servicer receives an information request for the identity of, and

address or other relevant contact information for, the owner or assignee of a

mortgage loan; and

(B) For all other requests for information, not later than 30 days (excluding

legal public holidays, Saturdays, and Sundays) after the servicer receives the

information request.

(ii) Extension of time limit.  For requests for information governed by the time

limit set forth in paragraph (d)(2)(i)(B) of this section, a servicer may extend the time

period for responding by an additional 15 days (excluding legal public holidays,

Saturdays, and Sundays) if, before the end of the 30–day period, the servicer notifies the

borrower of the extension and the reasons for the extension in writing.  A servicer may not

extend the time period for requests for information governed by paragraph (d)(2)(i)(A) of

this section.

…

(f) Requirements not applicable.

(1) In general.  A servicer is not required to comply with the requirements of paragraphs (c) and (d) of this section if the servicer reasonably determines that any of the following apply:

(i) Duplicative information.  The information requested is substantially the same as information previously requested by the borrower for which the servicer has previously complied with its obligation to respond pursuant to paragraphs (c) and (d) of this section.

(ii) Confidential, proprietary or privileged information.  The information requested is confidential, proprietary or privileged.

(iii) Irrelevant information.  The information requested is not directly related to the borrower's mortgage loan account.

(iv) Overbroad or unduly burdensome information request.  The information request is overbroad or unduly burdensome.  An information request is overbroad if a borrower requests that the servicer provide an unreasonable volume of documents or information to a borrower.  An information request is unduly burdensome if a diligent servicer could not respond to the information request without either exceeding the maximum time limit permitted by paragraph (d)(2) of this section or incurring costs (or dedicating resources) that would be unreasonable in light of the circumstances.  To the extent a servicer can reasonably identify a valid information request in a submission that is otherwise overbroad or unduly burdensome, the servicer shall comply with the requirements of paragraphs (c) and (d) of this section with respect to that requested information.

(v) Untimely information request.  The information request is delivered to a servicer more than one year after:

(A) Servicing for the mortgage loan that is the subject of the information request was transferred from the servicer receiving the request for information to a

1      transferee servicer; or

2                    (B) The mortgage loan is discharged.

3                    (2) Notice to borrower. If a servicer determines that, pursuant to this paragraph (f),

4      the servicer is not required to comply with the requirements of paragraphs (c) and (d) of

5      this section, the servicer shall notify the borrower of its determination in writing not later

6      than five days (excluding legal public holidays, Saturdays, and Sundays) after making

7      such determination.  The notice to the borrower shall set forth the basis under paragraph

8      (f)(1) of this section upon which the servicer has made such determination.

9      12 C.F.R. § 1024.36(c), (d), (f).  Failure to adequately respond may result in liability to the

10     servicer for actual and/or statutory damages.  12 U.S.C. § 2605(f)(1). [4]

11            Nationstar argues that although plaintiff claims that Nationstar failed to respond to several

12     letters of inquiry, plaintiff has failed to attach any of the letters, and therefore Nationstar has no

13     idea whether the letters constitute statutory letters of inquiry requiring acknowledgment and

14     response.  Nationstar states for example that plaintiff's description of the letters fails to state

15     whether they included plaintiff's name, information from which Nationstar could identify

16     plaintiff's mortgage loan account, and what information plaintiff was requesting in regard to the

17     loan.  Therefore, Nationstar not only has no notice of the letters, but is also unable to determine

18     whether the letters qualify as an exception to the acknowledgement and response requirement

19     under § 1024.36(f).

20            A review of the complaint indicates that it does not contain sufficient allegations to put

21     defendant fairly on notice.  Plaintiff alleges that Nationstar referred plaintiff's loan for foreclosure

22     _____

23     [4]  Plaintiff requests in part statutory damages.  "To recover statutory damages, Plaintiff[ ] must
       plead some pattern or practice of noncompliance with RESPA."  Lal v. Am. Home Servicing,
24     Inc., 680 F.Supp.2d 1218, 1223 (E.D.Cal.2010).  Plaintiff alleges that defendant has engaged in a
       pattern or practice of noncompliance in other cases; (Compl., ¶¶ 48-56); however, plaintiff
25     includes no facts other than this bare legal conclusion and case citations and summaries.  Such an
       allegation does not meet the Rule 12(b)(6) pleading standard.  Plaintiff must allege facts sufficient
26     to "raise a right to relief above the speculative level."  Lal, 680 F.Supp.2d at 1223.  It is not
       sufficient to summarize the cases supporting a pattern and practice theory in an opposition or
27     other briefing.  See ECF No. 10 at 13-15.  Such allegations must be clearly set forth in the
       amended complaint which must be complete in and of itself.  See Russell v. Nationstar Mortgage,
28     LLC, 2015 WL 541893, at *3 (S.D. Fla. Feb. 10, 2015).

1    on June 25, 2014, and also sent a notice accelerating the balance due which plaintiff did not

2    receive.  (Compl., ¶ 12, 13.)  The complaint alleges that plaintiff thereafter mailed six separate

3    RFIs to defendant in 2014 and 2015 under Regulations X and Z, but that defendant violated

4    section 1024.36(c), (d)(2)(A), (d)(2)(B), and (d)(1)(i)-(ii), by failing to acknowledge or respond to

5    the RFIs.  (Id. at ¶¶ 21-26, 27.)

6           The only information provided in the complaint about these requests is the subject matter

7    and title of the requests.  (Id.)  For example, the first letter was titled:  "RE: Request for

8    Information Pursuant to Section 1024.36 of Regulation X" and the subject matter was "loss

9    mitigation options."  (Id. at ¶ 21.)  Plaintiff further alleges that he sent defendant six separate

10   Notices of Error (NOE), but that defendant did not respond to them either.  Plaintiff has described

11   these notices in the same manner as the RFIs.  (Id. at ¶¶ 31-37.)  Plaintiff does acknowledge that

12   defendant provided some information at some unspecified point in time (and that the responses

13   were back-dated), but claims that defendant did not provide the information requested in the RFI

14   and NOE letters.  (Id. at ¶ 39-40.)  Plaintiff implies that as a result of defendant's lack of response

15   and incomplete late response, a Notice of Trustee Sale was placed on the property which caused

16   damage.  (Id. at ¶¶ 45-46.)  Plaintiff has failed to provide basic information which would put

17   defendant on notice of the six to twelve letters referenced in the complaint.  He has not provided

18   the date of the letters, the date they were mailed, to whom they were mailed,[5] and most

19   importantly, the content of the letters.  See Richmond v. Nationwide Cassel L.P., 52 F.3d 640,

20   645 (7th Cir. 1995) (vague and scanty allegations fail to satisfy the notice requirement of Rule 8).

21          Therefore, plaintiff will be permitted to amend the complaint to comply with the

22   requirements of Rule 8 as set forth above.  Plaintiff is best advised to attach to his amended

23   complaint copies of all letters at issue.

24               3.  Bus. & Prof. Code § 17200

25          Nationstar claims that "the brief UCL allegation consists only of the conclusory statement

26   ////

27

28

---

[5]  Although plaintiff claims he obtained mailing addresses from the website, he does not affirmatively state he mailed the letters or to which address.  (Compl. at ¶ 20.)

that 'WELLS' fraudulent, deceptive, unfair, and other wrongful conduct… violated [the UCL].'"[6] In addition to arguing that plaintiff has no standing, defendant argues that plaintiff has failed to establish an unlawful act or an unfair practice.

To prove a claim under the California's Unfair Competition Law ("UCL"), a plaintiff must show "that the defendant committed a business act that is either fraudulent, unlawful, or unfair." Levine v. Blue Shield of California, 189 Cal.App. 4th 1117, 1136 (2010).  "A defendant cannot be liable under § 17200 for committing 'unlawful business practices' without having violated another law." Ingels v. Westwood One Broad. Servs., Inc., 129 Cal.App. 4th 1050, 1060 (2005). Accordingly, a UCL claim must rest on a violation of some independent substantive statute, regulation or case law.  See Farmers Ins. Exch. v. Superior Court, 2 Cal. 4th 377, 383 (1992) (action under section 17200 borrows violations of other laws).

Defendant argues that because plaintiff did not oppose the motion to dismiss in regard to the UCL claim, it amounts to a concession on the merits of the motion in this regard.  The only mention of this claim in the opposition is in the conclusion, where plaintiff merely requests the court "to reasonably consider Plaintiff's pursuit of all loss mitigation rights pursuant to California Business & Professions Code 17200, *et seq.*, …."  Plaintiff has made no argument why this claim should not be dismissed.

Although it appears that plaintiff has not opposed defendant's motion in regard to the UCL claim, because the plaintiff is pro se, and pleadings are liberally construed, this claim will not be dismissed with prejudice.

Nationstar argues on the merits that plaintiff cannot allege unfairness because plaintiff concedes he was already in default when the loan transferred to Nationstar.  (Compl., ¶¶ 8-10; Opp'n., ECF No. 10 at 2.)  Therefore, according to the case cited by defendant, Davis v. Ford Motor Credit Co., 179 Cal.App.4th 581, 598 (2009), the injury plaintiff claims to have suffered must be one that he could not reasonably have avoided.  In that case, if plaintiff had made his monthly payments timely pursuant to his contractual obligations, he would have avoided the

---

[6]  The complaint makes no mention of a defendant named Wells, and the court could not locate this quote in the complaint.

1    alleged injury, successive late fees.  Id.

2         Without correct Rule 8 pleading to give proper notice of the allegations, it is premature to

3    determine whether the injury in fact or loss of money or property allegation has been

4    appropriately asserted.  Whether plaintiff could have avoided the alleged injury by timely paying

5    his mortgage is unknown because there are not sufficient facts.  For example, although there was

6    an original notice of default pre-dating Nationtar's involvement as servicer, it is unknown

7    whether the QWRs to Nationstar, if legally sufficient, would have resulted in plaintiff's ability to

8    cure had they been acknowledged and responded to.  All of plaintiff's allegations, albeit

9    conclusory, concern the time period after Nationstar became servicer.

10        The complaint is also deficient in failing to set forth in any specific manner how defendant

11   committed any acts that were fraudulent, unlawful, or unfair.  See Levine, 189 Cal.App. 4th at

12   1136.  Because plaintiff's UCL claim is predicated on the same conduct giving rise to plaintiff's

13   RESPA cause of action, it is deficient for the same reasons described above with respect to the

14   RESPA claim.  Therefore, this claim will be dismissed with leave to amend.

15        Plaintiff is informed that the court cannot refer to a prior pleading in order to make

16   plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be

17   complete in itself without reference to any prior pleading.  This is because, as a general rule, an

18   amended complaint supersedes the original complaint.  See Forsyth v. Humana, Inc., 114 F.3d

19   1467, 1474 (9th Cir.1997), *overruled in part on other grounds*, Lacey v. Maricopa County, 693

20   F.3d 896, 928 (9th Cir. 2012) (en banc).  Once plaintiff files an amended complaint, the original

21   pleading no longer serves an operative function in the case.  Therefore, in an amended complaint,

22   as in an original complaint, each claim and the involvement of each defendant must be

23   sufficiently alleged.

24   V.  Motion to Strike

25        Nationstar's motion to strike is premised on a lack of legal grounds to support plaintiff's

26   request for attorney's fees or cancellation of the trustee's deed.

27        The court may strike "from a pleading an insufficient defense or any redundant,

28   immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f).  "[O]nly pleadings are subject

16

1    to motions to strike." See Sidney–Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir.1983).

2
         Motions to strike are disfavored and infrequently granted. See
3        Pease & Curren Ref., Inc. v. Spectrolab, Inc., 744 F.Supp. 945, 947
         (C.D.Cal.1990), abrogated on other grounds by Stanton Road
         Associates v. Lohrey Enters., 984 F.2d 1015 (9th Cir.1993).
4        "[M]otions to strike should not be granted unless it is clear that the
         matter to be stricken could have no possible bearing on the subject
5        matter of the litigation." Colaprico v. Sun Microsystems, Inc., 758
         F.Supp. 1335, 1339 (N.D.Cal.1991) (citation omitted).
6

7    Neveu v. City of Fresno, 392 F.Supp.2d 1159, 1170 (E.D.Cal.2005).

8         Although plaintiff has not opposed the motion to strike, it will be granted on the merits

9    rather than based on plaintiff's waiver of opposition to this motion.  Defendant is correct that

10   plaintiff, a non-attorney, cannot qualify for attorney's fees.  Kay v. Ehrler, 499 U.S. 432, 435 & n.

11   5, 111 S.Ct. 1435, 1436–1437 & n. 5 (1991) (noting that "the Circuits are in agreement ... on the

12   proposition that a pro se litigant who is not a lawyer is not entitled to attorney's fees" and holding

13   that even a pro se litigant who is an attorney who prevails in a civil rights action is not entitled to

14   attorney's fees) [emphasis in original].  See Correa v. BAC Home Loans Servicing LP, 2012 WL

15   1176701, at *8 (M.D. Fla. Apr. 9, 2012) (referring to 12 U.S.C. §2605(f), which provides for

16   attorney's fees, but nonetheless affirming that pro se litigants may not seek attorney's fees).[7]

17        As it is universally accepted that parties who are not attorneys may not recover attorney's

18   fees, defendant's motion to strike this request is granted.

19        In regard to plaintiff's request to cancel the trustee's deed, it is merely a form of relief and

20   not a cause of action.  However, as the claims in the complaint have been dismissed with leave to

21   amend, this remedy is currently unsupported by any claims.

22   VI.  Plaintiff's Motion for Contempt

23        Plaintiff's motion seeks a contempt finding against defendant for failing to answer the

24   complaint within twenty-one days after June 5, 2015, when defendant was ordered to do so by the

25   court.  (ECF No. 7 at 2.)  Plaintiff is apparently referring to the amended summons issued on June

26   5, 2015.  (ECF No. 4.)  Plaintiff misunderstands this filing which is merely a form that plaintiff is

27

28   ───────────────
     [7]  Plaintiff cites to TILA, 15 U.S.C. § 1640, as support for his request for attorney's fees, (ECF
     No. 1 at 23); however, the court has already determined that plaintiff does not have a TILA claim.

                                            17

to complete and serve along with the complaint.  For all the reasons stated in the section addressing defective service, plaintiff did not effectuate service of the summons and complaint, and therefore defendant had no obligation to answer.  Plaintiff's motion for contempt is therefore denied.

CONCLUSION

Accordingly, IT IS ORDERED that:

1.  Plaintiff's amended complaint, filed September 16, 2015 (ECF No. 15), is stricken.

2.  Defendant's Request for Judicial Notice, filed July 22, 2015, (ECF No. 9), is granted.

3.  Defendant's motion to dismiss and to strike, filed July 22, 2015, (ECF No. 8), is granted.

4.  The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight (28) days from the date of service of this Order.  The amended complaint must comply with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint;" failure to file an amended complaint will result in a recommendation that these defendants be dismissed from this action.

5.  Plaintiff's motion for contempt, filed July 20, 2015, (ECF No. 7), is denied.

6.  Plaintiff is directed to serve defendant within 45 days of the date of this order, all process pursuant to Fed. R. Civ. P. 4.  Failure to effectuate service within the time prescribed will result in a recommendation of dismissal of this action.

Dated:  November 4, 2015

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Evans1213.mtn

18